"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA STONEBURNER-BRADEN, <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 05-543 AN <br><br> MEMORANDUM AND ORDER |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is denied, and the Commissioner's request for an order affirming her final decision is granted.

Plaintiff filed applications for DIB and SSI on February 13, 2003. [Administrative

1  Record ("AR") at 16, 42-44, 656-58.] Those applications were denied initially and on
2  reconsideration. [AR at 24-27, 30-33.] At Plaintiff's request, a hearing was held before
3  an ALJ on January 7, 2005. [AR at 661-81.] On January 24, 2005, the ALJ issued a
4  decision denying Plaintiff's applications for DIB and SSI. [AR at 12-19.] When the
5  Appeals Council denied review, the ALJ's decision became the final decision of the
6  Commissioner. [AR at 5-7.] Plaintiff then commenced this action for judicial review.

       Additional background facts are familiar to both parties and Plaintiff has stipulated that the decision of the ALJ fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

       In the JS, Plaintiff claims that the ALJ: (1) failed to properly consider the opinion of her treating physician; (2) failed to properly assess the functional limitations related to her mental impairment; and (3) failed to properly evaluate the severity of her obesity. The Commissioner disagrees.

**1. Treating Physician Opinion**

       In July 2000, Plaintiff sought treatment at the Arrowhead Regional Medical Clinic ("Arrowhead") complaining of sharp, stabbing pain in her left arm and hand. [AR at 586.] Plaintiff presented with decreased range of motion and muscle strength in the left arm and was diagnosed with probable brachial plexus injury with mild dystrophy. [AR at 586.] The Arrowhead doctor noted that Plaintiff was partially disabled due to limited use of the "LUE" (left upper extremity),[1/] a condition which was likely to be permanent. [AR at 586.] Plaintiff contends that the ALJ erred by failing to properly consider the Arrowhead doctor's opinion. [JS at 3-5, 8-9.] Plaintiff's argument lacks merit.

---

[1/] Plaintiff asserts that the Arrowhead doctor's use of the term "LUE" is ambiguous and requires further development of the record. [JS at 3-4.] When the Arrowhead doctor's report is read in full, however, it is apparent that "LUE" refers to Plaintiff's left upper extremity. The record is not ambiguous and no further development is required on this matter. *See Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001) (the ALJ has a duty to develop the record further when the evidence is ambiguous or inadequate to allow for a proper evaluation); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (remanding for further development of the factual record when it was inadequate for decision).

While the ALJ did not specifically address the Arrowhead doctor's opinion, the ALJ was not required to discuss all evidence presented, but only why significant, probative evidence was *rejected*. *See Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir. 1984). Consistent with the Arrowhead doctor's findings, the ALJ concluded that Plaintiff's use of her left arm was impaired. [AR at 14.] In particular, the ALJ found that Plaintiff was limited to light work and could not engage in more than frequent overhead reaching or more than occasional fingering with her left, non-dominant hand. [AR at 14.] Moreover, in evaluating Plaintiff's left arm impairment, the ALJ relied on more recent treating physician reports. [AR at 17, 555]; *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (2000)("A treating physician's most recent medical reports are highly probative."). In February 2002, an Arrowhead physician completed a certificate of disability and/or return to school/work form indicating that Plaintiff was precluded from lifting greater than 20 pounds due to limited use of her left arm. [AR at 555.] The ALJ also noted that his assessment of Plaintiff's residual functional capacity was consistent with the September 2002 opinion of Plaintiff's treating orthopedic surgeon, Ralph N. Steiger, M.D. [AR at 16-17, 525.] Accordingly, the ALJ's evaluation of the medical evidence is supported by substantial evidence.

### 2. Mental Impairment

Plaintiff contends that the ALJ failed to properly evaluate the severity of her mental impairment because the ALJ did not make specific findings in four functional areas (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation). 20 C.F.R. §§ 404.1520a, 416.920a. However, the duty to make such findings arises only if the ALJ first determines that the claimant suffers from a medically determinable mental impairment. 20 C.F.R. §§ 404.1520a(b), 416.920a. In this case, the ALJ never found that Plaintiff suffered from a medically determinable mental impairment. [AR at 13.] In fact, the ALJ noted that Plaintiff's depression was controlled. [AR at 16, 544.] Thus, the ALJ did not err in his consideration of Plaintiff's alleged mental impairment.

### 3. Obesity

At five-foot, four inches tall and weighing 200 pounds, Plaintiff asserts that the ALJ erred by failing to consider her obesity in determining whether she was disabled. [JS at 12-14, 16]; *see also* Social Security Ruling ("SSR") 02-1p (superseding SSR 00-3p without any substantive changes); *Celaya v. Halter*, 332 F.3d 1177, 1181-84 (9th Cir. 2003). The Court disagrees.

Although Plaintiff did not specifically claim obesity as an impairment, the references to her weight in the medical records were likely sufficient to alert the ALJ to this condition. *Celaya*, 332 F.3d at 1182; SSR 02-1p (ALJs are to consider the effects of obesity at several points in the five-step process). Nevertheless, the ALJ's failure to explicitly address Plaintiff's obesity did not affect the ultimate outcome of this case. *See Vincent*, 739 F.2d at 1394-95; *Cf. Celaya*, 332 F.3d at 1183 (noting that it was error for the ALJ to exclude consideration of obesity from his analysis when he was "addressing an illiterate, unrepresented claimant who very likely never knew that she could assert obesity as a partial basis for her disability"). Plaintiff has not alleged, let alone established, how her obesity impaired her ability to work. Indeed, although some of the treatment records describe Plaintiff as "obese," none of Plaintiff's doctors suggested that obesity had any affect on her ability to engage in work-related activities. [AR at 544, 549, 552.] And, as discussed above, the ALJ's evaluation of Plaintiff's residual functional capacity was properly based on the evaluations of her treating doctors. [AR at 17, 525, 555.] Accordingly, the ALJ's decision is supported by substantial evidence.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Page 4

## II. CONCLUSION

The Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:    June 22, 2006                    /s/ Arthur Nakazato
                                            ARTHUR NAKAZATO
                                            UNITED STATES MAGISTRATE JUDGE